UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAVIAN DENZEL KIRTON,

                                    Plaintiff,

              -against-

WESTCHESTER COUNTY DEPARTMENT
OF CORRECTION/FACILITY/JAIL;
CORRECTION OFFICER/ERT OFFICER
CARDILLO, #1444,

                                    Defendants.

20-CV-10860 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

        Plaintiff, currently incarcerated in the Westchester County Department of Correction,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants used excessive force

against him, and issued him disciplinary tickets in retaliation for his filing of grievances.

(Compl. (Dkt. No. 2).)  By order dated March 24, 2021, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* (IFP).  (Dkt. No. 1.)[1]  For the

reasons set forth below, the Court dismisses Plaintiff's claims against the "Westchester County

Department of Correction/Facility/Jail" (WCDOC), adds the County of Westchester as a

defendant, and directs service on the County of Westchester and Correction Officer Cardillo.

**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.      Claims against WCDOC

Plaintiff's claims against the WCDOC must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law.  *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Because of Plaintiff's *pro se* status and clear intention to assert claims against the County of Westchester, the Court construes the Complaint as asserting claims against the County of Westchester, and directs the Clerk of Court to amend the caption of this action to replace the WCDOC with the County of Westchester.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the County of Westchester may wish to assert.

**B.      Service on County of Westchester and Officer Cardillo**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint on the Defendants until the Court reviewed the Complaint and ordered that summonses be issued for the Defendants. The Court therefore extends the time to serve the Defendants until 90 days after the date that summonses for the Defendants are issued. If the Complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants County of Westchester and Officer Cardillo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for these Defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on these Defendants.

**C.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Complaint, the Defendants must serve responses to those standard discovery requests.  In their responses, the Defendants must quote each request verbatim.[2]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the "Westchester County Department of Corrections/Facility/Jail" and directs the Clerk of Court to add the County of Westchester as a defendant.  *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants County of Westchester and Officer Cardillo, issue summonses, and deliver to the U.S. Marshals Service all documents necessary to effect service on those defendants.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal.  *Cf.*

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Clerk's Office's *Pro Se* Intake Unit.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 31, 2021
         White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.  County of Westchester
    Law Department
    148 Martine Avenue
    White Plains, New York 10601

2.  Correction Officer Cardillo (#1444)
    Westchester County Department of Correction
    P.O. Box 10, Woods Rd.
    Valhalla, NY 10595